McKEE, Chief Circuit Judge,
concurring.
I join the majority opinion in its entirety, and fully agree with the remand to the District Court to complete the third step of the Batson analysis. However, I write separately to emphasize that although my colleagues note that “we have indicated that it is appropriate to lessen the state’s burden at the second step where the passage of time diminishes the prosecutor’s recollection of voir dire,” Maj. Op. 628 (citing Wilson, 426 F.3d at 668), we have not done so here. The majority properly concludes that the Commonwealth failed to meet its burden at step two of the Batson analysis because the prosecutor failed to offer race-neutral reasons for striking three jurors. Thus, in this case, the majority’s discussion of the appropriateness of lessening the state’s burden of production when the prosecutor has a faded memory at step two of the Batson analysis is purely dicta, and rightfully so.
In Wilson, we stated: “[I]n light of the passage of time, we agree with the District Court that it was appropriate to lessen the burden of the Commonwealth at step two.” 426 F.3d at 668. However, in Wilson, unlike here, it does not appear that a timely objection was made at trial to the prosecutor’s discriminatory exercise of peremptory strikes. See Abu-Jamal, 520 F.3d at 280 n. 3. As the majority quite correctly notes, Lark’s attorney raised what was to become a Batson claim during voir dire. Accordingly, the prosecutor was immediately put on notice that he may later have to explain his motivations in peremptorily striking Black jurors.
The majority suggests that the prosecutor’s burden must necessarily be reduced at step two when the prosecutor’s faded memory results from a long passage of time between voir dire and a Batson hearing. However, that principle should not apply when, as here, a timely objection is made to the prosecutor’s use of peremptory strikes. Under such circumstances, the fact finder may conclude that the claim of faded memory and failure to memorialize the reasons for certain strikes is less credible than might otherwise be the case. I do not suggest that this necessarily undermines a subsequent claim of failed memory. However, I also do not think it appropriate to suggest that the claim of failed memory must receive the same credibility and consideration afforded the prosecutor in Wilson. Rather, the District Court must be free to assess the credibility of the claim of failed memory during its step three Batson analysis on remand.
On remand, the District Court will have to decide whether, and to what extent, the prosecutor’s subsequent claim of failed memory should be credited given the very unique circumstances here and the fact that he was immediately informed that his motivations may be examined at a later date.